IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60117
Summary Calendar
_____

MICHAEL D. STRICKLAND,

Plaintiff-Appellant,

versus

RICHARD DANZIG, Secretary of
the Navy; DANIEL T. OLIVER,
Vice Admiral, Chief of Personnel;
RICHARD LOTH, Commander,
Commanding Officer, Special Boat
Unit Twenty-Two, LCDR;
R. E. MILLER, Officer in Charge,
Personnel Support Detachment Gulfport,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 1:99-CV-242-GR

_____

October 9, 2000

Before JOLLY, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Richard D. Strickland appeals the district court's summary judgment dismissal of a complaint challenging his administrative discharge from the Navy. Strickland was administratively processed and discharged as the result of a plea of nolo contendere in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

civilian court to indecent exposure. On appeal, he argues that the Navy failed to follow its own regulations and it violated his constitutional right to due process during the discharge proceedings. He also argues that the district court erred when it denied his request for a permanent injunction.

Strickland has failed to exhaust his administrative remedy before the Board for Correction of Naval Records. See 10 U.S.C. § 1552; Woodard v. Marsh, 658 F.2d 989, 992 (5th Cir. 1981); Von Hoffburg v. Alexander, 615 F.2d 633, 637-38 (5th Cir. 1980); Mindes v. Seaman, 453 F.2d 197, 201 (5th Cir. 1971). Accordingly, his appeal and complaint are dismissed for lack of jurisdiction. See Hodges v. Callaway, 499 F.2d 417, 421 (5th Cir. 1974). Strickland's appeal of the district court's denial of his request for a permanent injunction is moot. He complained that if he were discharged it would cause irreparable damage to his career in the Navy. Strickland already has been discharged from the service. Thus, the harm he sought to prevent already has occurred, and the injunctive remedy is moot. See McClelland v. Gronwaldt, 155 F.3d 507, 514 (5th Cir. 1998).

APPEAL DISMISSED.